UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

DARYL C. JANES,                    )
            Plaintiff,             )
                                   )
      v.                           )    C.A. No. 05-11647-MLW
                                   )
BOSTON FEDERAL DISTRICT COURT,     )
            Defendant.             )

                       MEMORANDUM AND ORDER

     For the reasons stated below, plaintiff's Application to Proceed Without Prepayment of Fees is DENIED, the complaint is DISMISSED and plaintiff is ENJOINED from filing further actions in this Court absent leave of Court.

                            BACKGROUND

     On August 4, 2005, plaintiff Daryl C. Janes, a frequent litigant in this Court,[1] filed an Application to Proceed Without

---

[1] The Court notes that plaintiff previously filed nineteen (19) complaints since 1997.  Court records show that most, if not all, of plaintiff's complaints have been dismissed pursuant to 28 U.S.C. § 1915 for failing to state a claim, for lack of jurisdiction, on judicial immunity grounds, or for otherwise lacking legal or factual merit:
     Janes v. Third District Court, C.A. No. 05-11646-JLT (fee-waiver application and complaint filed Aug. 4, 2005);

     Janes v. Commonwealth of Massachusetts, C.A. No. 05-11314-RCL (pending; plaintiff paid $250 filing fee on Jun. 23, 2005);

     Janes v. Judge Maria Lopez, C.A. No. 02-12282-WGY (plaintiff directed to show good cause why he should not be enjoined from filing future actions in this Court without prior leave of court);

     Janes v. Bob Slate Stationary Store, C.A. No. 02-11211-MEL (dismissed pursuant to Section 1915(e) for lack of subject matter jurisdiction);

     Janes v. Cambridge Sav. Bank, C.A. No. 01-10242-WGY (dismissed pursuant to Section 1915(e) for lack of subject matter jurisdiction);

     Janes v. Eliot Square Assocs., C.A. No. 01-10367-WGY (dismissed pursuant to Section 1915(e) for failure to state a claim);

     Janes v. Judge Hiller Zobel, C.A. No. 01-10389-WGY (dismissed pursuant to Section 1915(e) for failure to state a claim and on grounds of judicial immunity);

Prepayment of Fees and Affidavit. Also on that date, plaintiff filed his self-prepared civil complaint against the Boston Federal District Court. In his two-page, handwritten complaint, plaintiff alleges that he paid the filing fee to file Civil Action No. 05-11314-RCL and that the court "has no alternative than to grant [him] a hearing." Plaintiff complains that he never received a hearing in the Boston federal court and that such failure is tantamount to "pro se abuse."

## DISCUSSION

I. The Application to Proceed Without Prepayment of Fees

---

Janes v. Judge Sosman, C.A. No. 00-11252-WGY (dismissed pursuant to Section 1915(e) for lack of jurisdiction and judicial immunity grounds);

Janes v. Superior Court, C.A. No. 99-12482-WGY (dismissed);

Janes v. Bellusci, C.A. No. 99-12046-WGY (dismissed);

Janes v. Superior Court, C.A. No. 99-12482-WGY (dismissed);

Janes v. Superior Court of the Commonwealth of Massachusetts, C.A. No. 98-10238-WGY (dismissed pursuant to Section 1915(e) for failure to state a claim);

Janes v. Superior Court of the Commonwealth of Massachusetts, C.A. No. 98-10239-WGY (dismissed pursuant to Section 1915(e) for failure to state a claim);

Janes v. Apfel, C.A. No. 98-12549-REK (dismissed for lack of jurisdiction) and related case Janes v. U.S. Fed. Gov't, C.A. No. 99-11219-REK (same);

Janes v. Clinton, C.A. No. 97-10038-WGY (dismissed pursuant to Section 1915(e));

Janes v. Eliot Square Assocs., C.A. No. 97-12459-WGY (dismissed pursuant to Section 1915(e));

Janes v. Cambridge Sav. Bank, C.A. No. 97-12785-WGY (dismissed pursuant to Section 1915(e)); and

Janes v. Social Sec. Admin., C.A. No. 97-10300-REK (dismissed pursuant to Section 1915(e) for failure to exhaust administrative remedies).

A party filing a civil action in this Court must either (1) pay the $250 filing fee for civil actions or (2) seek to be granted in forma pauperis by filing an application to proceed without prepayment of the filing fee.  See 28 U.S.C. § 1914 (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis).

Plaintiff's application indicates that his sources of income are (1) a veteran's pension in the amount of $646 per month; (2) an inheritance of $200 per month; and (3) money from his brother "as he sees fit to supplement [plaintiff's] income." See Application, ¶ 3.  However, he indicates that he has $2,175 in a checking account.  On this record, the court finds that plaintiff has sufficient funds to pay the $250 filing fee for the instant action.  Accordingly, the Application to Proceed Without Prepayment of Fees is denied.

    II. The Complaint is Subject to Dismissal

A district court may sua sponte dismiss a complaint if amendment would be futile or if it is patently obvious that the plaintiff can not prevail.  See Rodriguez v. Casa Salsa Restaurant, 260 F. Supp. 2d 413, 414 (D. P.R. 2003); accord Chute v. Walker, 281 F.3d 314, 318 (1st Cir. 2002) (if it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand); Wyatt v. City of Boston, 35 F.3d 13, 15 n. 1 (1st Cir.

1994) (same).  Here, plaintiff's complaint is clearly insufficient under either standard.

To the extent that the complaint may be read as an attempt to have this Court review the decisions of Judge Lindsay and/or any other judicial officers of this Court, it must be dismissed. The proper means of seeking review of a judgment of a district court is by appeal, not through the filing of a civil complaint against the court and/or the presiding judicial officer.  See 28 U.S.C. §§ 1291, 1292; Edwards v. Wilkinson, 233 F. Supp. 2d 34, 37 (D. D.C. 2002) (appealing to a higher court for relief is the only judicial procedure available to a litigant who seeks to challenge the legality of decisions made by a judge in her judicial capacity); cf. Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... Almost invariably, they are proper grounds for appeal, not for recusal.").  Thus, plaintiff's claims challenging various decisions of Judge Lindsay and/or any other judicial officers of this Court are subject to dismissal.  Edwards, 233 F. Supp. 2d at 37.

### III. Plaintiff Has Abused The Processes of the Court and Will Be Enjoined

Between 1997 and 2003, plaintiff has filed seventeen actions, all of which have been dismissed primarily on one or more of the following grounds: failure to state a cognizable

claim resulting in dismissal pursuant to 28 U.S.C. § 1915(e), lack of subject matter jurisdiction, failure to exhaust administrative remedies, and judicial immunity.

By Order dated May 14, 2003, plaintiff was advised that he will be enjoined against filing future litigation in this Court without prior leave.  See 5/14/03 Memorandum and Order, Janes v. Judge Maria Lopez, C.A. No. 02-12282-WGY.  Although plaintiff was ordered at that time to show good cause why he should not be enjoined, the docket reveals his failure to file a reply to the Court's May 14th Order.

Since that time, plaintiff filed the instant action as well as the following two actions: Janes v. Third District Court, C.A. No. 05-11646-JLT (fee-waiver application and complaint filed Aug. 4, 2005) and Janes v. Commonwealth of Massachusetts, C.A. No. 05-11314-RCL (pending; plaintiff paid $250 filing fee on Jun. 23, 2005).

Plaintiff has ignored the Court's previous warning about frivolous filings and has continued to file groundless litigation.  Plaintiff's disregard for the Court's prior admonitions further contribute to the existence of an "extreme" circumstance involving "groundless encroachment upon the limited time and resources" of this Court.  See Castro v. United States, 775 F.2d 399, 408-409 (1st Cir. 1985) (per curiam) ("[I]n extreme circumstances involving groundless encroachment upon the limited

time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate."); accord Gordon v. United States Dep't of Justice, 558 F.2d 618, 618 (1st Cir. 1977) (per curiam) (same); Pavilonis v. King, 626 F.2d 1075, 1078 (1st Cir. 1980) (same).  See also Sires v. Gabriel, 748 F.2d 49 (1st Cir. 1984); Rudnicki v. McCormack, 210 F. Supp. 905, 908-912 (D.R.I. and D. Mass. 1962), appeal dismissed sub nom, Rudnicki v. Cox, 372 U.S. 226 (1963).

ORDER

Based upon the foregoing, it is hereby ORDERED:

1. That plaintiff's application to proceed without prepayment of fees (Docket No. 1) is DENIED.

2. That plaintiff's complaint is DISMISSED without further notice.

3. That plaintiff Daryl C. Janes be precluded from filing any new complaints or any other documents in the United States District Court for the District of Massachusetts, in any manner, way or form, without first obtaining the prior written approval of the Miscellaneous Business Docket Judge of the United States District Court for the District of Massachusetts.[2]

4. That if plaintiff Daryl C. Janes undertakes to file any new cases in this Court, he shall file a written petition seeking leave of court to do so.  The petition must contain a copy of this Memorandum and Order, together with the papers sought to be filed, and a certification under oath that there is a good faith basis for their filing.  The Clerk of Court shall

---

[2] This order does not prevent plaintiff from making filings in any other case which he now has pending before this Court.

        accept the documents, mark them received, and forward them to the Miscellaneous Business Docket Judge for action on the petition.

5. That a copy of this Memorandum and Order shall be distributed to each District Judge's session.

6. That petitioner Daryl C. Janes is advised that failure to comply with these requirements may result in the imposition of additional sanctions, including monetary fines.

SO ORDERED.

```
11/18/05                            /s/ Mark L. Wolf
DATE                                MARK L. WOLF
                                    UNITED STATES DISTRICT JUDGE
```